## R. M. MARTIN v. THE STATE.

### *No. 2818.   Decided February 5.*

#### ON MOTION FOR REHEARING.

1. **Fraudulent Disposition of Mortgaged Property—Indictment.**—See the statement of the case for charging part of an indictment *held* sufficient to charge the offense of fraudulently disposing of mortgaged property.

2. **Same—Evidence.**—It is an exception to the general rule of evidence that testimony irrelevant to the offense on trial may be admitted when it becomes necessary to prove motive, intent, or knowledge on the part of the defendant. The mortgage in this case described other property than that alleged in the indictment, and the court permitted the State to prove the sale by the defendant of the said other property prior to the sale charged in the indictment. *Held*, that the evidence was properly admitted upon the question of motive, to which purpose it was specifically limited by the charge.

3. **Charge of the Court** instructed the jury as follows: "If you should find that the defendant disposed of the corn described in the indictment, but you have a reasonable doubt as to the corn being raised on the McLame farm, then you can not find the defendant guilty of the fraudulent disposition of the corn; but in this connection I instruct you that if the evidence shows you beyond a reasonable doubt that the farm on which the corn was raised was known as the McLame farm as well as the McNamee farm, that would be sufficient proof to sustain the allegation in the indictment as to the name of the farm, although the proof should show that the farm was also known as the McNamee farm." *Held*, correct.

APPEAL from the District Court of Red River. Tried below before Hon. E. D. McClellan.

The conviction was for fraudulently disposing of mortgaged property, and the penalty assessed was a term of two years in the penitentiary.

The charging part of the indictment reads as follows:  *  *  *  "R. M. Martin, on or about October 20, 1888, in the county of Red River and State of Texas, did then and there unlawfully, with the intent to defraud A. J. Wright, dispose of certain personal and movable property by trading the same to A. T. Aydelotte, to-wit, one wagon worth $30, and about 40 bushels of corn of the value of $20, all of the aggregate value of $60, said corn being a part of a crop of corn raised by the said Martin on the McLame plantation in the year 1888, and being a part of the growing crop mentioned in the hereinafter named mortgage, and the said wagon being the same wagon mentioned in said hereinafter described mortgage; the said R. M. Martin having theretofore, to-wit, on the 26th day of May, 1888, executed and delivered to the said A. J. Wright a valid mortgage in writing upon the said above described property, and which said mortgage was at the time of said trading and disposition of said property a valid, subsisting, unsatisfied mortgage upon said property, and was then owned and held by the said A. J. Wright; contrary," etc.

The proof shows, in substance, that the defendant mortgaged his certain crop growing on the McLame plantation in the year 1888, his wagon and a yoke of oxen, to A. J. Wright; that he subsequently traded the corn and wagon mentioned in the indictment to Aydelotte, and left the country without first discharging the mortgage. It was also proved that prior to the trade to Aydelotte he sold the oxen to Stephens. Certain witnesses testified that they knew the place on which the defendant raised the crop. According to some of those witnesses the place was known as the McLame farm, and according to others as the McNamee farm.

*Sims & Wright,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

ON MOTION FOR REHEARING.

WILLSON, JUDGE.—This conviction is for the fraudulent disposition by sale of certain corn and a wagon, upon which defendant had executed a mortgage. We think the exceptions to the indictment were properly overruled. All the necessary constituents of the offense are alleged in the indictment, and the mortgaged property is described therein substantially as it was described in the mortgage.

In addition to the property named in the indictment the same mortgage included a yoke of oxen, but the defendant is not charged in said

indictment with the fraudulent disposition of said oxen. On the trial, however, the State, over the objections of the defendant, was permitted to prove by one Stephens that about one month prior to the time that defendant sold the corn and wagon, he, witness, purchased from defendant the oxen mentioned in the mortgage. Defendant objected to this testimony upon the ground that it was irrelevant. It was admitted as relevant upon the issue of the intent of the defendant in selling the corn and wagon, and the jury was specifically instructed that it was admitted for that purpose only and could not be considered for any other. We are of the opinion that the court did not err in its ruling. While a general rule of evidence is that irrelevant testimony should not be admitted, an exception to this rule obtains when it becomes necessary to prove motive, intent, or knowledge on the part of the defendant. In such cases greater latitude is allowed in the admission of testimony, and it is competent for the prosecution to prove such acts, conduct, or declarations of the accused as tend to establish motive, intent, or knowledge, although such proof may show that the defendant has committed a distinct crime from that for which he is being tried. Francis v. The State, 7 Texas Ct. App., 501; Heard v. The State, 9 Texas Ct. App., 1; Cameron v. The State, Id., 332.

In this case the sale of the oxen by the defendant prior to the time he sold the corn and wagon was a fact which tended to show a fraudulent intent on his part in selling the corn and the wagon. It was a fact which bore, if not directly, at least relevantly upon that issue, and the State was entitled to have it considered by the jury. Having disposed of the oxen, a portion of the mortgage property, thereby diminishing the security of the mortgagee, the subsequent disposition of the remainder of the mortgaged property would certainly have more the appearance of a fraudulent disposition than if he had not previously disposed of the oxen. Our view upon this question is not in conflict with that line of decisions which excludes testimony of collateral crimes unless such crimes are contemporary with the crime for which the defendant is being prosecuted. That line of decisions is peculiarly applicable in prosecutions for theft, and is not applicable to the question presented in this case.

With respect to the supposed variance between the name of the farm on which the corn was raised and the name as set forth in the indictment and mortgage, we think the charge of the court is correct, and that it was not error to refuse the special charge upon that point requested by the defendant. There was evidence that the farm was known by the name as stated in the indictment and mortgage, and besides it was conclusively shown that the corn in question was raised on that farm.

*Motion overruled.*

Hurt, J., absent.